### ALLIS–CHALMERS MFG. CO. v. COHN et al.

District Court, S. D. California, S. D. November 1, 1927.

No. 2611–J.

Principal and agent ⬦⇒137(1)—Plaintiff, permitting manufacturer to display apparatus incorporating plaintiff's product, held estopped to deny manufacturer's authority to sell and collect price.

Where plaintiff delivered electrical generating apparatus manufactured by it to H., who built it into a truck and sold combined apparatus as portable generating outfit, held that, notwithstanding understanding between plaintiff and H. that the combined and jointly owned apparatus should not be delivered on a sale until plaintiff received price of its merchandise, plaintiff, having permitted H. to have sole custody-

thereof and to display it for sale, with full knowledge of H.'s business methods, was estopped to deny authority of H. to sell the apparatus and collect price therefor, as against purchaser without knowledge of agreement.

At Law. Action by the Allis-Chalmers Manufacturing Company against Harry Cohn and others. Judgment for defendant named.

Ray Howard, of Los Angeles, Cal., for plaintiff.

Sam Wolf and Ben C. Cohen, both of Los Angeles, Cal., for defendant Harry Cohn.

JAMES, District Judge. This is an action to recover possession of an electrical generating equipment, of which the plaintiff was the manufacturer. Defendant Harry Cohn claims title and right to possession by reason of a purchase made from Hollins & Arrousez. The facts touching the relations of the several parties being considered, leaves to my mind, as determinative of the judgment to be entered, the one question as to whether the purchase of Cohn was bona fide and for value. Under the showing made by Cohn, who produced his canceled check for $5,000, which he testified he paid to Hollins & Arrousez for the equipment, I am of the opinion that it must be found that the purchase was a valid one, and not one of form only knowingly made for the secret advantage of Hollins & Arrousez.

In saying that this question is the only one demanding close scrutiny, it is with the settled opinion in mind that the case on its other facts—facts undisputed by any one—establishes a clear case of ostensible agency in Hollins & Arrousez, as representatives of the plaintiff, to sell and receive payment for the electrical merchandise in question. If it cannot be properly so concluded, then every purchaser of an agent handling merchandise for a manufacturer, where such agent, with the knowledge of the manufacturer, holds himself out as authorized to negotiate sales, must endure the hazard of losing the property purchased because of a secret agreement between the manufacturer and the agent that the agent shall not have authority to confer title or receive money. If such were the case, the course of trade, handled through long established channels and usage, would be greatly interrupted, if not destroyed. The facts here, I think, make an unusually strong case of estoppel against the plaintiff on the ground of ostensible agency.

Hollins & Arrousez were engaged in building portable outfits for generating electricity used by motion picture producers. They had an established salesroom and shop. The plaintiff manufactured the generating apparatus, which was suitable to the purpose, and which was arranged in parts, so that it could be mounted upon a truck frame and wheels. In practice it was built into the truck frame, so that, when completed, it was integral and constituted a portable generating unit. The plaintiff, with full knowledge of the method and business of Hollins & Arrousez, from time to time delivered to the latter generating equipment for the purpose of permitting Hollins & Arrousez to build it into a truck and negotiate a sale of the combined apparatus. Out of the proceeds of the sale the manufacturer plaintiff received the price of its merchandise, and Hollins & Arrousez received enough ordinarily to reimburse them for the additional property they had added and produce a profit to them besides.

It may be conceded that there was an understanding between the plaintiff and Hollins & Arrousez that the combined and jointly owned apparatus should not be delivered on a sale until plaintiff had received the price of its merchandise, but the public dealing with Hollins & Arrousez would have no means of knowing of such an agreement. Plaintiff stood by and allowed its merchandise to be displayed in a place where such merchandise was ordinarily sold—to be in the exclusive, actual custody of the persons in charge of the salesroom and with the full knowledge in itself that Hollins & Arrousez would negotiate a sale of the generating apparatus. I can find no evidence sufficient to warrant an inference that defendant Cohn, who had purchased on prior occasions combined generators of that class from the same agents, had knowledge or notice that the agents were not authorized to make delivery and receive the purchase price. That the acts of Hollins & Arrousez, in selling on the eve of their bankruptcy at a much reduced price the generating unit and failing to account to their principal for the invoice, are entitled to sharp condemnation, cannot aid in protecting the plaintiff as against the rights of the innocent purchaser. It is not too strong a term to use to say that Hollins & Arrousez acted in clear fraud of their principal's rights.

From the conclusions, the findings and judgment must be for the defendant Cohn; and it is so ordered.